**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: _____

GABRIELLE YOUNG, on behalf of herself and all others similarly situated,

    Plaintiff,

v.

CSAA INSURANCE SERVICES, INC., a California corporation,

    Defendant.

_____

**COMPLAINT AND JURY DEMAND**
_____

Plaintiff Gabrielle Young ("Plaintiff"), on behalf of herself and all others similarly situated, by and through counsel, Lewis Kuhn Swan PC, complains as follows:

**NATURE OF THE ACTION**

1. This action is brought on behalf of all hourly claims service adjusters, claims specialists, and individuals holding comparable positions with different titles (collectively, "Claims Adjusters") employed by CSAA Insurance Services, Inc. ("Defendant") within the United States within the last three years, plus any period of tolling.

2. This case is brought as a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act of 1938 ("FLSA") and as a class action under Fed. R. Civ. P. 23.

3. Plaintiff alleges that Defendant violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the applicable Colorado Minimum Wage Order ("Colorado Wage Order"), 7 CCR § 1103-1, by failing to pay Claims Adjusters (i) the applicable minimum wage for all hours worked; and (ii)

overtime compensation for all hours worked over forty (40) in any single workweek.

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff alleges a claim under the FLSA.

2. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367 because it is so related to her FLSA claim that it forms part of the same case or controversy.

3. Defendant is subject to personal jurisdiction in Colorado because it conducts substantial business in this state and the acts and omissions alleged herein occurred in this state.

4. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

5. Plaintiff is, and was at all relevant times relevant to this action, an adult individual who is domiciled and resides in Colorado Springs, Colorado.

6. Plaintiff has been employed by Defendant in its Colorado Springs, Colorado office as a Claims Adjuster from in or around June 2018 through the present.

7. Defendant is a corporation organized and existing under the laws of the State of California with its principal place of business in that state.

## COLLECTIVE ACTION ALLEGATIONS

8. Plaintiff seeks to prosecute her FLSA claim as an "opt-in" collective action on behalf of all persons who are or were employed by Defendant as Claims Adjusters in the United States at any time in the last three (3) years, plus any period of tolling, through the entry of

judgment in this case and (i) were not paid minimum wages for all hours worked ("Minimum Wage Collective"); and/or (ii) were not paid overtime for all hours worked in excess of 40 in a workweek ("Overtime Collective"). The Minimum Wage Collective and Overtime Collective are together referred to as the "Collectives."

9. Plaintiff will fairly and adequately protect the interests of the members of the Collectives and has retained counsel who are experienced and competent in the fields of wage and hour law and class action litigation. Plaintiff has no interest contrary to or in conflict with the members of the Collectives.

10. The members of the Collectives are similarly situated because, among other things, they were all victims of the same company-wide policies and procedures that failed to pay them all the wages to which they are entitled under the FLSA.

## CLASS ALLEGATIONS

11. Plaintiff sues on her own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure.

12. Plaintiff brings her Colorado state law claim on behalf of all persons who were employed by Defendant in the State of Colorado at any time in the last three (3) years, plus any period of tolling, through the date of the entry of judgment in this case who hold or held the position of Claims Adjuster and (i) were not paid minimum wage for all hours worked ("Minimum Wage Class"); and/or (ii) were not paid overtime for hours worked in excess of 40 in a workweek or 12 hours in a work day ("Overtime Class"). The Minimum Wage Class and the Overtime Class are together referred to as the "Colorado Classes."

13. The members of the Colorado Classes are so numerous that joinder of them is

impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are at least fifty (50) members of the Colorado Classes.

14.  Plaintiff's claims are typical of the claims of the members of the Colorado Classes. Plaintiff performed the same job as the members of the Colorado Classes; Defendant paid Plaintiff and the members of the Colorado Classes pursuant to the same policies and procedures; and Plaintiff and the members of the Colorado Classes were victims of the same wrongful conduct engaged in by Defendant in violation of the Colorado Wage Order.

15.  The class action mechanism is superior to any alternatives which might exist for the fair and efficient adjudication of this cause of action. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Moreover, class treatment is the only realistic means by which plaintiffs can effectively litigate against a large, well-represented corporate defendant. Numerous repetitive individual actions would also place an enormous burden on the courts as they are forced to take duplicative evidence and decide the same issues relating to Defendant's conduct repeatedly.

16.  Defendant has acted or refused to act on grounds generally applicable to the Colorado Classes, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Colorado Classes as a whole.

17.  Plaintiff is committed to pursuing this action and has retained competent counsel

who are experienced in wage and hour law and class action litigation.

18.   Plaintiff will fairly and adequately protect the interests of the members of the Colorado Classes.

19.   There are questions of law and fact common to the Colorado Classes, which predominate over any questions solely affecting the individual members of the Colorado Classes, including but not limited to:

   a. whether the Defendant employed the members of the Colorado Classes within the meaning of the Colorado Wage Order;

   b. whether Defendant's policies and practices described within this Complaint are illegal;

   c. whether Defendant paid the members of the Colorado Classes for all hours worked;

   d. whether the members of the Colorado Classes were paid all minimum wages to which they were entitled;

   e. whether Defendant properly calculated the number of overtime hours payable to the members of the Colorado Classes based on their work beyond 40 hours in a workweek or 12 hours in a workday;

   f. whether the hours recorded in Defendant's timekeeping system for members of the Colorado Classes match the actual hours worked as reflected in Defendant's phone system;

   g. what proof of hours worked is sufficient where employers fail in their duty to maintain accurate time records; and

   h. whether Defendant is liable for all damages claimed hereunder.

5

## STATEMENT OF FACTS

20. Defendant is an insurance company that, among other things, sells automobile and homeowners' insurance policies to customers across the United States.

21. Plaintiff has been employed by Defendant as a Claims Adjuster from in or around June 2018 through the present.

22. Plaintiff's job duties involve investigating and resolving automobile collision claims not involving injuries. She is responsible for apportioning liability among involved parties, arranging repair and rental services, and settling property damage claims.

23. Defendant compensated, and continues to compensate, its Claims Adjusters on an hourly basis. As such, Defendant classified Claims Adjusters as non-exempt employees.

24. While employed by Defendant, Plaintiff routinely worked, and continues to work, more than 40 hours per workweek. For example, during the workweek of May 13, 2019 through May 17, 2019, Plaintiff worked more than 40 hours. Defendant, however, failed to pay Plaintiff for this time, in violation of the FLSA and the Colorado Wage Order.

25. Upon information and belief, multiple Claims Adjusters routinely worked, and continue to work, over 40 hours each workweek. Defendant has failed to pay for this time in violation of the FLSA and Colorado Wage Order.

26. At times, Defendant has directed Plaintiff to enter 8 hours for each workday and 40 hours for each workweek into Defendant's timekeeping system, regardless of the numbers of hours she actually worked.

27. Defendant has directed multiple Claims Adjusters to enter eight hours for each workday and 40 hours for each workweek into Defendant's timekeeping system regardless of the

6

number of hours they actually worked.

28. Defendant has a uniform policy and procedure of instructing Claims Adjusters to work "off the clock" prior to and after their scheduled start- and end-times.

29. Defendant has in place inadequate timekeeping methods for tracking and recording the time its Claims Adjusters spend working.

30. Defendant uses a timekeeping system in which Claims Adjusters are required to manually enter the hours they work each week. Claims Adjusters are paid according to the hours entered in this system.

31. Defendant has a phone system, separate from its timekeeping system, which tracks the amount of time each Claims Adjuster spends "logged in" to his or her work phone each day. Defendant generates a daily report, which is sometimes distributed to Claims Adjusters, showing the total amount of time each Claims Adjuster spends logged into his or her phone each day.

32. Claims Adjusters' purported work hours, as recorded in the timekeeping system, are frequently less than the hours recorded in the phone reports, yet Defendant does not pay Claims Adjusters for this work time.

33. The phone reports do not provide a complete or accurate record of hours worked by Claims Adjusters as many Claims Adjusters arrive early and begin working without logging into their phones, and/or stay late and continue working after logging out of their phones.

34. Defendant has a uniform policy and procedure of not paying Claims Adjusters for hours worked in excess of 40 per workweek.

35. Further, Defendant's violation of the FLSA and the Colorado Wage Order is willful. Defendant is well aware of its legal obligation to pay overtime compensation and minimum

wages because, among other things, Defendant has been sued for not paying minimum wages and/or overtime in the past.

36. Additionally, Defendant knows Claims Adjusters work during their putative meal periods and/or do not take a full one-hour meal period yet deducts such time regardless.

37. Defendant also knows Claims Adjusters work prior to their scheduled start-times and after they are scheduled to leave for the day but does not pay Claims Adjusters for this time.

38. For example, Plaintiff's direct supervisor sits directly in front of Plaintiff and frequently sees Plaintiff work off the clock. Additionally, Plaintiff's "phone hours" are more than the hours she reports having worked.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT – COLLECTIVE ACTION

39. Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

40. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

41. At all relevant times, Defendant employed and/or continues to employ each of the members of the Collectives within the meaning of the FLSA.

42. At all relevant times, Defendant has had gross annual revenues in excess of $500,000.

43. Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b). A copy of Plaintiff's written consent is attached as Exhibit 1.

44. At all relevant times, Defendant had a policy and practice of failing to pay Claims Adjusters overtime compensation for all hours worked in excess of 40 hours per workweek.

45. As a result of Defendant's willful failure to properly compensate its employees, including Plaintiff and the Collective Action members, Defendant has violated and, continues to violate, the FLSA.

46. Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA.

47. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

48. Due to Defendant's FLSA violations, Plaintiff, on behalf of herself and the Collectives, is entitled to recover from Defendant unpaid overtime compensation, actual and liquidated damages, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees, costs, and disbursements of this action pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## COLORADO WAGE ORDER – CLASS ACTION

49. Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

50. At all relevant times, Plaintiff and the members of the Colorado Classes were employed by Defendant within the meaning of the Colorado Wage Order.

51. Defendant violated the Colorado Wage Order by failing to pay Claims Adjusters minimum wages and overtime compensation for all hours worked over 40 hours per workweek and/or 12 hours in a single workday.

52. Plaintiff and the members of the Colorado Classes are entitled to recover from Defendant overtime compensation, any statutory penalties, including the employer's share of

FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees, costs, and disbursements of this action pursuant to the Colorado Wage Order.

## PRAYER FOR RELIEF

Wherefore, Plaintiff on behalf of herself and all other members of the Collective Action Class and the Colorado Classes respectfully requests that this Court grant the following relief:

a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and/or (3) on behalf of members of the Colorado Classes and appointing Plaintiff and her counsel to represent the classes;

b. Designation of this action as a collective action on behalf of the members of the Collectives and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly-situated members of an FLSA collective class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the Colorado Wage Order;

d. An injunction requiring Defendant to cease its unlawful practices under, and to comply with, the Colorado Wage Order;

e. An award of minimum wages and overtime compensation due under the FLSA and the Colorado Wage Order;

f. An award of liquidated and/or statutory penalties as a result of the Defendant's

failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g. An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

h. An award of pre-judgment and post-judgment interest at the maximum rate permitted by law;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she and all members of the proposed representative actions have a right to jury trial.

Respectfully submitted this 23rd day of July, 2019.

>   */s/ Michael D. Kuhn*
>   Paul F. Lewis
>   Michael D. Kuhn
>   Andrew E. Swan
>   620 North Tejon Street, Suite 101
>   Colorado Springs, CO 80903
>   Telephone:   (719) 694-3000
>   Facsimile:   (866) 515-8628
>   Email:       plewis@lks.law
>                mkuhn@lks.law
>                aswan@lks.law
>
>   *Attorneys for Plaintiff*

Plaintiff's Address:
2710 Leoti Drive
Colorado Springs, CO 80922